Drew Witzig # 128634
Name and Prisoner/Booking Number

Red Rock Correctional Center
Place of Confinement

1752 E. Arica Rd.
Mailing Address

Eloy, AZ 85131
City, State, Zip Code

☒ FILED   ☐ LODGED

**Aug 20 2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Drew Witzig                    ,
(Full Name of Plaintiff)

            Plaintiff,

v.

(1) Core Civic                 ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

            Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV-24-2127-PHX-JAT (JFM)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**
JURY TRIAL DEMANDED

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.  Institution/city where violation occurred: Red Rock Correctional Center / Eloy .

Revised 12/1/23                         1

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: ___Core Civic_____. The first Defendant is employed
as: __Security Provider_____ at _Red Rock correctional Center_.
                    (Position and Title)                              (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
as: _____ at _____.
                    (Position and Title)                              (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed
as: _____ at _____.
                    (Position and Title)                              (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed
as: _____ at _____.
                    (Position and Title)                              (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☒ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   b.  Second prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   c.  Third prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: <u>First Amendment</u>

2.  **Count I.** Identify the issue involved.  Check **only one.**  State additional issues in separate counts.
    - ☐ Basic necessities
    - ☐ Disciplinary proceedings
    - ☐ Excessive force by an officer
    - ☐ Mail
    - ☐ Property
    - ☐ Threat to safety
    - ☒ Access to the court
    - ☐ Exercise of religion
    - ☐ Other: _____
    - ☐ Medical care
    - ☐ Retaliation

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    MY HABEAS CLAIM REVOLVES AROUND THE ILLEGAL STOP AND SEARCH OF A TAXI CAB I WAS A PASSENGER IN. AND TRIAL COUNSELS IN- EFFECTIVENESS IN LITIGATING THIS CLAIM. THIS CLAIM IS ALSO ABOUT THE PCR COURTS UNREASONABLENESS IN DENYING ME A HEARING AND A FULL AND FAIR OPPORTUNITY TO PRESENT EVIDENCE REGARDING MY CLAIM.
    MY CASE INVOLVES MYSELF BEING PULLED OVER AS A PASSENGER IN A CAB WHERE THE ARRESTING OFFICER (PER HER POLICE REPORT) CLAIMS HER SOLE PURPOSE FOR THE STOP TO BE A NON-WORKING LICENSE PLATE LAMP. THE SECOND OFFICER ON SCENE HOWEVER (PER HIS POLICE REPORT) MAKES CLEAR THAT HE WAS INFORMED BY DISPATCH THAT SOMEONE NAMED DREW WAS TO BE RIDING IN A WHITE CAB. THE ARRESTING OFFICER LATER AD- MITTED THAT SHE HAD RECEIVED INFORMATION SOMEONE NAMED DREW WOULD BE RIDING IN A WHITE CAB.
    TRIAL COUNSEL OBTAINED AFFIDAVITS FROM TWO WITNESSES FROM THE CAB COMPANY WHO STATED BASICALLY THEY KEEP SERVICE RECORDS AND EVEN CHECKED THE LICENSE PLATE LAMP AFTER THE INCIDENT AND ARE
    SEE ATTACHMENT A

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Count I?  ☒ Yes  ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?  ☒ Yes  ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
    _____

3

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities              ☐ Mail              ☐ Access to the court        ☐ Medical care
    ☐ Disciplinary proceedings       ☐ Property          ☐ Exercise of religion       ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count II.  Describe exactly what
    **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
    citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                          ☐ Yes        ☐ No
    b.  Did you submit a request for administrative relief on Count II?             ☐ Yes        ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?    ☐ Yes        ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

## COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
    - ☐ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☐ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☐ Retaliation
    - ☐ Excessive force by an officer
    - ☐ Threat to safety
    - ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                              ☐ Yes     ☐ No
    b.  Did you submit a request for administrative relief on Count III?          ☐ Yes     ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?  ☐ Yes     ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

Compensatory Damages;
Punitive Damages;
Attorney Fees;
Any Further Relief Court deems just.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___8-20-24___          _____
                 DATE                      SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

# ATTACHMENT A

CERTAIN THE LICENSE PLATE WAS FUNCTIONING PROPERLY ON THE NIGHT OF THE INCIDENT, THESE AFFIDAVITS HOWEVER WERE OBTAINED BY COUNSEL AFTER MY MOTION TO SUPPRESS HEARING (TO LATE TO DO ANY GOOD) AND WERE EVENTUALLY PREVENTED AT MY SENTENCING AND ASKED TO BE TAKEN BY THE COURT AS MITIGATING EVIDENCE. THE COURT REFUSED TO DO SO.

TRIAL COUNSEL ALSO DECLINED TO CHALLENGE THE SEARCH DURING THE HEARING FOR THE MOTION TO SUPPRESS. COUNSEL INSTEAD WAITED TIL TRIAL TO ASK THE CAB DRIVER IF SHE GAVE CONSENT TO SEARCH. THE CAB DRIVER DIDNT THINK SHE GAVE CONSENT AND SIMPLY REMEMBERS THE OFFICER TELLING HER TO GET OUT SO SHE COULD SEARCH. THE DISAGREEMENT AS TO IF CONSENT WAS GRANTED, AND IF THAT CONSENT SHOULD BE DEEMED VALID WARRANTED A HEARING BEING GRANTED. THE PCR COURT STATED THAT IT CHOSE TO BELIEVE THE OFFICER WHO SAID SHE WAS GIVEN CONSENT AND THAT SATISFIED THE 4TH AMENDMENT. HOWEVER UNDER BROWN V. ILLONOIS BEING GIVEN CONSENT DOESNT NECESSARILY MAKE THAT CONSENT VALID THUS MAKING THE PCR COURTS DETERMINATION NOT ONLY UNREASONABLE, BUT CONTRARY TO FEDERAL LAW.

THE PCR COURT ALSO CHOSE TO BELIEVE THE OFFICER OVER THE TWO AFFIDAVITS FROM THE TWO EMPLOYEES FROM THE CAB COMPANY CONCERNING THE OPERATING CONDITION OF THE LICENSE PLATE LAMP ON THE NIGHT OF THE STOP EVEN AFTER I SUPPLIED FACT AFTER FACT THAT WOULD LEAD ANY REASONABLE JURIST TO BELIEVE THE OFFICER INDEED FABRICATED HER PROBABLE CAUSE.

THE AFFIDAVITS FROM THE TWO WITNESSES FROM THE CAB COMPANY CONCERNING THE LICENSE PLATE LAMP AND THE STOP ALONG WITH THE

2

AFFIDAVIT FROM THE CAB DRIVER CONCERNING CONSENT, AND THE FACTS
PRESENTED BOTH TO THE PCR AND HABEAS COURT WOULD LEAD ANY REA-
SONABLE JURIST TO FIND THAT THE OFFICER FABRICATED HER PROBABLE
CAUSE AND HER CONSENT TO SEARCH. THIS COUPLED WITH THE FACT THAT
WITNESSES NEEDED TO BE PLACED ON THE RECORD, AND A FAIR OPPOR-
TUNITY TO PRESENT EVIDENCE WAS NECESSARY TO DETERMINE THE
FACTS OF THIS CASE, A HEARING SHOULD'VE BEEN GRANTED.

GROUND FIVE OF MY HABEAS REVOLVED AROUND THE TRIAL COURT'S RE-
FUSAL TO GRANT A CONTINUANCE TO TRIAL COUNSEL SO HE COULD GO THRU
SOME 2000 PAGES OF RECENTLY DISCLOSED DISCOVERY FROM THE STATE.
THE TRIAL COURT / PCR COURT EXCLUDED THIS CLAIM STATING IT
SHOULVE BEEN BROUGHT ON APPEAL DESPITE THE FACT THAT I MADE
CLEAR TO THE COURT THAT THIS CLAIM WAS PRESENTED BY MYSELF TO
APPEALATE COUNSEL AND APPEALATE COUNSEL WAS INEFFECTIVE IN
FAILING TO BRING THIS CLAIM.

ACCESS TO THE COURTS

DURING THE COURSE OF MY FEDERAL HABEAS LITIGATION I AT-
TEMPTED TO SEND MONEY OFF MY BOOKS TO A LICENSED PRIVATE IN-
VESTIGATOR FOR ASSISTANCE CONCERNING MY HABEAS AND WAS DENIED
TO DO SO BY CORE CIVIC / RED ROCK CORRECTIONAL CENTER.

THE TYPE OF ASSISTANCE I WAS REQUESTING CONSISTED OF (BUT
WAS NOT LIMITED TOO) RESEARCHING MY CLAIMS, (PERHAPS GOOGLE
SEARCHES ON ILLEGAL STOP OF A CAB, CONSENT TO SEARCH, OR WRONGFUL
DENIAL OF A CONTINUANCE), PROVIDING CASE LAW AS NEEDED, CONTACT-
ING LAWYERS AND OR ORGANIZATIONS THAT MIGHT TAKE MY CASE, AND
TALKING TO WITNESSES.

3

First Amendment Rights to Association And Free Speech Extend to the Right to Retain And Consult With An Attorney. This Right is not Subject to the Lewis V. Casey Requirements That the Challenged Action Have Caused Actual Injury By Impeding The Litigation of A Non Frivolous Legal Claim. Regulations And Practices That Unjustifiably Obstruct The Availability of Professional Representation. Are Invalid. The Right To Communicate With Lawyers Is Not Limited To Those Already Represented By An Attorney, But Extends Equally To Prisoners Seeking Any Form Of Legal Advice Or Assistance.

I Was Indeed Attempting To Consult With Attorneys Thru This Investigator. I Was Also Seeking Legal Assistance Thru This Investigator. Therefore Actual Injury On My Part Should Not Have To Be Shown.

However If This Court Was To Decide That Actual Injury Need Be Shown By The Impediment Of My Case By Core Civic, I Would Argue That A Case Is Clearly Impeded When The District Court Cites Cases That I Wasn't Able To Obtain And Review. So I Couldn't Argue How My Particular Case Might Vary From Those Cited By The State Court, Nor Could I Obtain Counter Cases (Key Elements To Litigate My Claims).

Core Civic Has The Policy, Custom, or Accepted Practice of Not Allowing Inmates To Disburse Money To Investigators/Attorneys So They Can Present A Full Defense/Claim or Effective Argument.

Core Civic Also Has The Policy, Custom, or Accepted Practice of Impeding Inmates Access To The Courts By Not Allowing Them To Payment For Investigators

4

DURING THE GREIVANCE PROCESS ASSORTED STAFF HERE AT CORE CIVIC
CITED D.O. POLICY 905 AS THEIR REASON FOR DENYING MY REQUEST
TO SEND MONEY TO MY INVESTIGATOR, NEVER STATING WHY OR HOW THIS
POLICY COULD BE JUSTIFIED. CORE CIVICS ACT OF ADHEARING TO THIS
POLICY SHOWS INTENTIONAL ACTION.

FURTHER MIDDLE GROUND PRISON REFORM (A PRISONER ADVOCACY
GROUP BASED HERE IN ARIZONA) INFORMED THEN ADCRR DIRECTOR AND
GENERAL COUNCEL FOR ADCRR WITH A MEMO DATED 11-14-2020 THAT IT
WOULD BE UNCONSTITUTIONAL TO DENY PRO SE INMATES TO SEND MONEY TO
THEIR INVESTIGATORS A VIOLATION OF ACCESS TO THE COURTS. CORE CIVIC
HOWEVER APPARENTLY CHOVE TO PUT THIS NEW POLICY (BACK THEN) INTO
PLACE ANYWAYS DENYING ME TO SEND MONEY TO MY INVESTIGATOR.