MDR

WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Drew Witzig, | No.    CV-24-02127-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| CoreCivic, | |
| Defendant. | |

Self-represented Plaintiff Drew Witzig, who is confined in CoreCivic's Red Rock Correctional Center, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will grant the Application to Proceed and will order Defendant to answer the Complaint.

**I.    Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $37.50. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

TERMPSREF

1    **II.    Statutory Screening of Prisoner Complaints**

2        The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or an officer or an employee of a governmental entity.  28

4    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

5    has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

6    relief may be granted, or that seek monetary relief from a defendant who is immune from

7    such relief.  28 U.S.C. § 1915A(b)(1)–(2).

8        A pleading must contain a "short and plain statement of the claim *showing* that the

9    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

10    not demand detailed factual allegations, "it demands more than an unadorned, the-

11    defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

12    (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

13    conclusory statements, do not suffice."  *Id.*

14        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15    claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

16    550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

17    that allows the court to draw the reasonable inference that the defendant is liable for the

18    misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

19    relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20    experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

21    allegations may be consistent with a constitutional claim, a court must assess whether there

22    are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

23        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24    must "continue to construe [self-represented litigant's] filings liberally."  *Hebbe v. Pliler*,

25    627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a self-represented prisoner]

26    'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.*

27    (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

28    . . . .

### III.    Complaint

In his one-count Complaint, Plaintiff sues Defendant CoreCivic, alleging Defendant impaired his access to the courts and violated his First Amendment rights.  He seeks monetary damages and his attorney's fees.

Plaintiff alleges that while litigating his federal habeas corpus action, he "attempted to send money off [his] books to a licensed private investigator" for assistance in researching his habeas corpus claims, obtaining case law, contacting witnesses, and contacting lawyers and organizations that "might take [his] case."  (Doc. 1 at 8.)[1]  He contends Defendant has policies, customs, or accepted practices of (1) "not allowing inmates to disburse money to investigators/attorneys so they can present a full defense/claim or effective argument" and (2) "impeding inmates['] access to the courts by not allowing them to pay[] for investigators."  (*Id*. at 9.)  Plaintiff asserts because of these policies, Defendant denied his request to send money to a private investigator.  (*Id*. at 8.)

Plaintiff claims his First Amendment rights to association and free speech "extend to the right to retain and consult with an attorney" and "[r]egulations and practices that unjustifiably obstruct the availability of professional representation are invalid."  (*Id*. at 9.)  He asserts that although this right is "not subject to the Lewis v. Casey requirements that the challenged action . . . caused actual injury by impeding the litigation of a nonfrivolous legal claim," his habeas corpus action was "clearly impeded" because the court in his habeas corpus action "cite[d] cases that [he] wasn[']t able to obtain and review" and he could not "argue how [his] particular case might vary from those cited by the court" or "obtain counter cases."  (*Id*.)

Plaintiff contends Defendant's staff relied on an Arizona Department of Corrections, Rehabilitation & Reentry (ADC) Department Order as their "reason for denying [Plaintiff's] request to send money to [his] investigator," but never explained "why or how this policy could be justified."  (*Id*. at 10.)  He also asserts that a prison advocacy

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

group informed ADC in November 2020 that it would be a violation of the right of access to the courts to deny self-represented inmates the ability to send money to their investigators, but Defendant "apparently chose to put this . . . policy . . . into place anyway[]." (*Id.*)

Liberally construed, Plaintiff has stated a claim against Defendant. The Court will require Defendant to answer the Complaint.

## IV.    Warnings

### A.    Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.    Copies

Because Plaintiff is currently confined in an ADC Complex or Private Facility subject to General Order 23-19, Plaintiff can comply with Federal Rule of Civil Procedure 5(d) by including, with every document Plaintiff files, a certificate of service stating that this case is subject to General Order 23-19 and indicating the date the document was delivered to prison officials for filing with the Court. Plaintiff is not required serve Defendant with copies of every document or provide an additional copy of every document for the Court's use.

**If** Plaintiff is transferred to a facility other than one subject to General Order 23-19, Plaintiff will be required to: (a) serve Defendant, or counsel if an appearance has been

entered, a copy of every document Plaintiff files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $37.50.

(3)     The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendant CoreCivic.

(4)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 60 days of the filing of this Order, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(6)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7)     The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the

Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.

(8)    If Defendant agrees to waive service of the Summons and Complaint, it must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(9)    The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and

(b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)    Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . . .

1    (11)    This matter is referred to Magistrate Judge James F. Metcalf pursuant to

2    Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

3    authorized under 28 U.S.C. § 636(b)(1).

4    Dated this 22nd day of November, 2024.

5

6

7

8                                            James A. Teilborg
                                        Senior United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28